UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHERIDAN PATRICIA ROBINSON,

       Petitioner,

v.                                                                      Case No. 3:26-cv-1276-MMH-LLL

RICK STALY, WARDEN OF
FLAGLER COUNTY JAIL, et al.,

       Respondents.

_____

## TEMPORARY RESTRAINING ORDER

Petitioner Sheridan Patricia Robinson, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition). Robinson is a citizen of Jamaica who entered the United States over 27 years ago. Id. at 22. On April 28, 2010, an immigration judge ordered Robinson removed to Jamaica. Id. However, the immigration judge "also ordered the government to withhold execution of that order finding that [] Robinson's life or freedom would be threatened in Jamaica . . . ." Id. United States Immigration and Customs Enforcement (ICE) subsequently released Robinson on an Order of Supervision (OSUP). Id. at 23. On May 8, 2026, ICE re-detained Robinson. Id. Robinson alleges that the Department of Homeland Security intends to remove her to a third country, St. Kitts;

however, she has not received an opportunity to explain her fear of removal to St. Kitts. Id. at 23–24. Robinson raises various claims for relief, including a claim that ICE failed to comply with its own regulations when she did not receive notice or an interview before the revocation of her OSUP. Id. at 28. She requests, inter alia, release. Id. at 31.

Robinson also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3; Motion). In the Motion she asks the Court, among other things, to enjoin Respondents from transferring her outside of the Middle District of Florida while this matter is pending. Id. at 4.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an extraordinary and drastic remedy." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To secure an injunction, a party must establish four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Citizens for Police Accountability Pol. Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam) (internal citation omitted); Keister v. Bell, 879 F.3d 1282, 1287–88 (11th Cir. 2018). Notably, where the government is the party opposing the

injunction, the third and fourth factors merge. See Gonzalez v. Governor of Ga., 978 F.3d 1266, 1271 (11th Cir. 2020) (discussing elements of a preliminary injunction against a government entity). The movant must clearly establish the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

Upon review of the record, the Court finds that Robinson has shown a substantial likelihood of success on her claim that ICE violated its own regulations when she did not receive notice and a hearing before the revocation of her OSUP. And considering the allegations in the Motion and Petition, the Court finds that a temporary restraining order to maintain the status quo is warranted. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982) ("One inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo[.]"). Without interim relief to maintain the status quo, Robinson's transfer outside of this Court's jurisdiction could delay the Court's adjudication of this case. If she is ultimately granted the relief she seeks (release from ICE custody), she may incur costs and potentially face difficulties in returning home. The exigency of Robinson's potential unlawful detention and removal from this District necessitates entry of this temporary restraining order without notice to Respondents. As such, the Motion is granted to the extent that the Court will enjoin Respondents from

3

removing Robinson from the Middle District of Florida. Moreover, because there is no realistic likelihood of prejudice to Respondents from the issuance of this limited restraint, the Court exercises its discretion to dispense with the requirement that Robinson provide security under Rule 65(c), Federal Rules of Civil Procedure (Rule(s)). See Ajugwe v. Noem, No. 8:25-CV-982-MSS-AEP, 2025 WL 1370212, at *10 (M.D. Fla. May 12, 2025) (exercising "discretion to waive the bond requirement in Fed. R. Civ. P. 65(c)").

Accordingly, it is **ORDERED**:

1. Robinson's Emergency Motion for Temporary Restraining Order, and Preliminary Injunction (Doc. 3) is **GRANTED** to the extent that Respondents and any officers, agents, servants, employees, attorneys, and persons in active concert or participation with Respondents who receive actual notice of this Order, are enjoined from removing Robinson from the Middle District of Florida up to and including **May 29, 2026**, unless this temporary restraining order is extended or earlier dissolved. The security required by Rule 65(c) is waived. The Motion is **DENIED** in all other respects.

2. The **Clerk of Court** shall send a copy of the Petition for Writ of Habeas Corpus (Doc. 1), the Motion (Doc. 3), and this Order by **e-mail** to the United States Attorney for the Middle District of Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov); and by **certified mail** to the

Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530. All costs of service shall be advanced by the United States.

3.      Robinson's counsel shall also immediately serve via e-mail a copy of this Order, the Motion (Doc. 3), and Petition (Doc. 1) on the appropriate U.S. Customs and Immigration Enforcement officials. See Local Rule 6.01(c).

4.      Upon consideration of the file, the Court will consolidate consideration of the request for a preliminary injunction with an adjudication of the Petition on the merits. See Fed. R. Civ. P. 65(a)(2) ("Before or after the beginning of the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."). Therefore, by **May 20, 2026**, Respondents shall respond to the request for a preliminary injunction and show cause why the Petition should not be granted.

5.      After Respondents file a response, Robinson shall file a reply to Respondents' response by **May 22, 2026**.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th of May, 2026, at 6:30 p.m.

**MARCIA MORALES HOWARD**
United States District Judge

5

Jax-9 5/15
c: Counsel of record

6