UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHERIDAN PATRICIA ROBINSON,

      Petitioner,

v.                            Case No. 3:26-cv-1276-MMH-LLL

RICK STALY, WARDEN OF
FLAGLER COUNTY JAIL, et al.,

      Respondents.

_____

## **ORDER**

### **I. Status**

Petitioner Sheridan Patricia Robinson, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition) on May 15, 2026. Robinson also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3). That same day, the Court granted in part Robinson's request for a temporary restraining order and enjoined Respondents from removing her from the Middle District of Florida through May 29, 2026. See Temporary Restraining Order (Doc. 4; TRO). The Court also notified the parties that it would consolidate consideration of the request for a preliminary injunction with an adjudication of the Petition on the merits. See id.

Respondents filed a Response to Habeas Petition and Preliminary Injunction (Doc. 5; Response). Robinson filed a counseled Reply (Doc. 6; Reply). Finding good cause, the Court extended the TRO through June 12, 2026, and directed Respondents to submit supplemental briefing. See Order (Doc. 7). Respondents filed supplemental briefing (Doc. 8; Supplemental Response). Robinson replied (Doc. 13; Supplemental Reply). This case is ripe for review.

## II. Robinson's Petition

Robinson, a citizen of Jamaica, entered the United States over 27 years ago. Petition at 22. On April 28, 2010, an immigration judge ordered Robinson removed to Jamaica. Id. However, the immigration judge "also ordered the government to withhold execution of that order finding that [] Robinson's life or freedom would be threatened in Jamaica[.]" Id. United States Immigration and Customs Enforcement (ICE) subsequently released Robinson on an Order of Supervision (OSUP). Id. at 23.

According to Robinson, on May 8, 2026, Florida Highway Patrol (FHP) stopped, "threatened," and "coerced" her sister, Carol Bruce, into revealing Robinson's location. Id. Bruce led FHP to her home, FHP "called DHS [Department of Homeland Security)] agents to appear at the home and arrested [ ] Robinson." Id.

2

Robinson alleges that DHS intends to remove her to a third country, St. Kitts; however, she has not received an opportunity to explain her fear of removal to St. Kitts. Id. at 23–24. Robinson raises various claims for relief, including that she is entitled to release under Zadvydas v. Davis, 533 U.S. 678 (2001), because there is no significant likelihood of her removal in the reasonably foreseeable future (Count One) and the revocation of her OSUP violated due process because ICE failed to follow its own regulations, which require notice of the reasons for revocation and a prompt informal interview (Count Three). Id. at 26–28. Robinson also challenges her potential removal to a third country (Counts Two and Four). Id. at 27–31. She requests, inter alia, release. Id. at 31.

### III. Merits of Count Three

The Court first considers the merits of the OSUP claim in Count Three because it is dispositive.[1] Pursuant to 8 C.F.R. § 241.13(i)(2), an OSUP can be revoked when "changed circumstances" create "a significant likelihood that the alien may be removed in the reasonably foreseeable future." "Upon revocation, the alien will be notified of the reasons for revocation of his or her release" and

---

[1] Insofar as Respondents argue that two statutory provisions—8 U.S.C. § 1252(g) and § 1252(b)(9)—deprive this Court of jurisdiction to adjudicate Robinson's OSUP claim, the Court is not persuaded. See Maryanovsky v. Ripa, No. 3:25-CV-1599-MMH-SJH, 2026 WL 496778, at *2–3 (M.D. Fla. Feb. 23, 2026) (rejecting a similar jurisdictional argument).

ICE must "conduct an initial informal interview promptly after [the revocation] to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." Id. § 241.13(i)(3) (emphasis added). "The failure to provide [a petitioner] with an informal interview promptly after his detention or to otherwise provide a meaningful opportunity to contest the reasons for revocation violates [ ] ICE's own regulations." Grigorian v. Bondi, No. 25-CV-22914-RAR, --- F. Supp. 3d ----, 2025 WL 2604573, at *10 (S.D. Fla. Sept. 9, 2025).[2]

The record reflects that on May 10, 2026, approximately two days after Robinson was re-detained, ICE provided her with a Notice of Revocation of Release. Doc. 5-1 at 4–5. The Notice advised Robinson that her OSUP was revoked "based on a review of [her] official alien file and a determination that there are changed circumstances in [her] case." Id. at 4. According to the Notice, ICE determined "that [she] can be expeditiously removed from the United States pursuant to the outstanding order of removal against [her]." Id. Robinson was advised that she would be "promptly" afforded an informal interview at which she would "be given an opportunity to respond to the

---

[2] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

4

reasons for the revocation" and "submit any evidence or information" in support of her release. Id.

Here, even assuming ICE provided Robinson with notice "[u]pon revocation" of her OSUP, the Court finds that contrary to its regulations and procedure, ICE failed to provide Robinson with a prompt informal interview. Respondents have not advised that Robinson has received an informal interview since she was detained on May 8, 2026. Indeed, in the Response, counsel for Respondents states that she has "not been provided any documentation as to whether an informal interview has occurred." Response at 2. Such a delay—now over a month—does not comply with the regulations. See, e.g., Grigorian, 2025 WL 2604573, at *9–10 (finding that ICE's failure to provide an informal interview for over seventy-five days violated § 241.4(*l*)'s requirement to provide a prompt informal interview); Pham v. Warden, No. 1:25-CV-1873 DC AC, 2026 WL 673404, at *13 (E.D. Cal. Mar. 10, 2026), rep. & rec. adopted sub nom., 2026 WL 849861 (E.D. Cal. Mar. 27, 2026) ("An interview weeks or months after revocation of release is not a prompt initial informal interview." (quotation marks and citations omitted)); M.S.L. v. Bostock, No. 6:25-CV-01204-AA, 2025 WL 2430267, at *11 (D. Or. Aug. 21, 2025) (concluding that an informal interview provided twenty-seven days after re-detention failed to comply with the regulations). As such, the Court finds

5

Robinson's re-detention violates the regulations designed to afford her due process, and she is entitled to release. Therefore, the Court will grant the Petition on the OSUP claim in Count Three, and the Court need not, and does not, address Robinson's remaining claims.[3] See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

Accordingly, it is **ORDERED**:

1.      Robinson's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to the OSUP claim in Count Three. Respondents shall release Robinson **within 24 hours of this Order**, and they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected. Robinson shall be subject to her preexisting OSUP. The Petition (Doc. 1) is otherwise **DENIED without prejudice** as moot.

2.      Robinson's request for a preliminary injunction (Doc. 3) is **DENIED as moot**.

---

[3] Insofar as Robinson requests attorney's fees, she may make such a request in a separate motion, if appropriate. See Local Rule 7.01, United States District Court, Middle District of Florida. Any such motion must be supported by a memorandum of law.

3.      The **Clerk** is directed to terminate any motions, enter judgment granting the Petition as to the OSUP claim in Count Three and otherwise denying as moot the remaining claims, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of June, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 6/11
c:      Counsel of record

7